UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MOHAMMED RAHMAN,

 Plaintiff,

v.            Civil No. 2:06-CV-10386-DML-CEB

COMMISSIONER OF      DISTRICT JUDGE DAVID M. LAWSON
SOCIAL SECURITY,       MAGISTRATE JUDGE CHARLES E. BINDER

 Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled, as he suffered from no severe impairments. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

**II. REPORT**

 **A. Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income Benefits

(Tr. at 118.)  This matter is currently before the Court on cross motions for Summary Judgment (Dkt. 9-1 and 14.)

Plaintiff was 55 or 62 years of age at the time of the most recent administrative hearing (cf. Tr. 32 with 123-25)[1] and has completed the equivalent of some college level education, possibly the equivalent of two years, in Bangladesh.  (Tr. at 122-23.)  Plaintiff's relevant work history included work as a home health aide and as a counter helper at a restaurant.  (Tr. at 127, 128-29.)  Although Plaintiff testified that he worked only four hours a day, the Administrative Law Judge ("ALJ") inquired whether he had an ownership interest in the restaurant because his pay check was larger, e.g., $26,000 per year, than would be expected for part-time pay.   (Tr. at 128-29.)

Plaintiff filed the instant claim on June 19, 2003 (Tr. at 34), alleging that he became unable to work sometime in 2000 because of diabetes mellitus (Tr. at 24),  pain from the waist down, and depression.  (Tr. at 126-27, 136-37.)  The claim was denied initially.  (Tr. at 24.)  In denying Plaintiff's claim, the Defendant Commissioner considered diabetes mellitus (Tr. at 13) as a possible basis of disability.  (*Id.*)

On September 7, 2005 (Tr. at 118), Plaintiff appeared with counsel before Administrative Law Judge Bert C. Hoffman (ALJ) (*Id.*), who considered the case *de novo*.  In a decision dated September 22, 2005 (Tr. at 10-15), the ALJ found that Plaintiff was not disabled.   (Tr. at 15.)  Plaintiff requested a review of this decision on October 26, 2005.  (Tr. at 8.)

The ALJ's decision became the final decision of the Commissioner on December 1, 2005, when the Appeals Council denied Plaintiff's request for review. (Tr. at 4-6.)  On January 30, 2006,

---

[1] Although Plaintiff listed his birth year as 1950, he testified that birth records were not maintained in his native country and that his neighbors informed him he was born in 1943 (Tr. at 122-24.)

2

Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

### B.      Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam); *Schuler v. Comm'r of Soc. Sec.*, 109 Fed. Appx. 97, 99 (6th Cir. 2004). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)(holding the court should defer to the agency's decision if supported by substantial evidence "even if there is substantial evidence in the record that would have supported an opposite conclusion."). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681; *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 595, 595 (6th Cir. 2005). The substantial

3

evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion). "The court may not review the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 369, 371 (6th Cir. 2006).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

    **C.**    **Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S.

521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq.*) Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, <u>Federal Disability Law and Practice</u> § 1.1 (1984). While the two programs have different eligibility requirements, both require a finding of disability for the award of benefits.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

**D.     Administrative Record**

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff's counsel requested a consultative examination which was

6

conducted by Dr. Akterahmed on July 3, 2003. Dr. Akterahmed found that Plaintiff's diabetes was "reasonably controlled" with medication and that his diabetes had not resulted in any end organ damage. (Tr. at 69.)

In a "Function Report–Adult" completed in July, 2003, Plaintiff reported that he does some yard work and gardening approximately twice a week and that he goes walking every day. (Tr. at 59.) He reported that he is also able to drive and regularly goes shopping for an hour. (*Id.*) Plaintiff reads every day, taking breaks every 20-30 minutes (*Id.* at 60.) Plaintiff also attends weekly services at the mosque. (*Id.*)

In late July 2005, Plaintiff was examined, at the request of the Disability Determination Service, by Dr. R. Patel who found that Plaintiff was "well-developed, well-nourished, well-built, well cooperative and not in acute distress." (Tr. at 94.) Dr. Patel also found that Plaintiff's "[t]andem walk, heel-walk and toe-walk are done well" and that Plaintiff's [g]ait is steady without the use of an ambulatory aid." (Tr. at 95.) In addition, Dr. Patel noted that Plaintiff's nerves are all "intact" and that his "[m]otor power is 5/5 in all extremities." (*Id.*) Dr. Patel diagnosed Plaintiff as having "[d]iabetes for 18 years,[2] very well controlled with oral medication." and "[l]eg cramps - On clinical examination, there is no neurological or vascular impairment present." (Tr. at 95.) The doctor also noted that all range of motion studies were normal, and that Plaintiff showed no impairments in any tested activities. (Tr. at 97-100). Dr. Patel's overall prognosis for Plaintiff was "excellent with medication." (*Id.*)

In the "Medical Source Statement of Ability to Do Work-Related Activities (Physical)," dated July 22, 2005, Dr. Patel indicated that Plaintiff's impairment posed no limitations as to lifting or carrying; standing or walking; sitting; pushing or pulling; climbing, balancing, kneeling,

---

[2] The date of the examination was July 22, 2005.

7

crouching, crawling, or stooping; reaching, handling, fingering, or feeling; seeing, hearing, or speaking. (Tr. at 102-03.) Dr. Patel also found that Plaintiff's impairment did not cause any environmental limitations such as vulnerability to temperature extremes, noise, dust, vibration, humidity, hazards, fumes or odors. (Tr. at 104.)

On October 15, 2005, Plaintiff underwent a psychological evaluation conducted at the request of his attorney by Dr. Edward Czarnecki The doctor reported that Plaintiff exhibited average intellectual function, was fully oriented, displayed organized, logical speech and that his thinking was concrete. (Tr. at 116.) The doctor felt that Plaintiff was dependent on others (*Id*.) He diagnosed Plaintiff as suffering from an undifferentiated somatoform disorder, and a personality disorder. (Tr. at 117).

### E. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since 1994. (Tr. at 15.) At step two, the ALJ found that Plaintiff suffered no severe impairments. (*Id.*) As he found Plaintiff not disabled at step 2, he did not complete the analysis.

### F. Analysis and Conclusions

#### 1. Legal Standards

As mentioned, the ALJ found no severe impairments. This ended the ALJ's analysis at the second step of the disability review technique. After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

**2.      Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

The ALJ found that Plaintiff suffered no severe impairments and therefore was not disabled. In the sequential analysis of disability required under the Commissioner's Regulations, determination of the severity of an impairment is the second step. If an impairment is determined not to be severe, on the medical evidence alone, the claimant can be determined not to be disabled. *Kirk v. Sec'y of Health & Human Servs*. 667 F.2d 524 (6th Cir. 1981); 20 C.F.R. § 404.1520(c).

On this record, I conclude that substantial evidence supports the Commissioner's repeated conclusion that Plaintiff's impairments are but "slight abnormalit[ies] which [have] such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), *quoted in Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985). The findings of all the physicians examining Plaintiff are consistent, and I suggest, all document the presence of *de minimis* impairments.

Plaintiff next argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to request a consultive examination to evaluate Plaintiff's depression. (Dkt. 9-1 at 6.) Plaintiff cites *Landsaw v. Secretary of Health & Human Serv.*, 803 F.2d 211, 214 (6th Cir. 1986) in support. *Landsaw, supra*, however militates against Plaintiff's position. The court in *Landsaw* adopted the Fifth Circuit's conclusion that "'[f]ull inquiry does not require a

9

consultive examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision.'" *Landsaw*, 803 F.2d at 214, *quoting, Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)(emphasis in original).  The court in *Landsaw, supra*, also emphasized that the "burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant.  20 C.F.R. § 416.912, 416.913(d)." (*Id.*)  In addition, the court noted that "the regulations do not require an ALJ to refer a claimant to a consultive specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.  20 C.F.R. § 416.917(a)." (*Id.*)

"Only under special circumstances, when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures does the ALJ have a special duty to develop the record." *Rise v. Apfel, Comm'r of Soc. Sec.*, 234 F.3d 1269 (6th Cir. 2000)(unpublished), slip op. at *2, *citing, Lashley v. Sec, of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983).  Here, no special circumstances existed because Plaintiff was represented by attorney Danley C. Smith at the administrative hearing nor did claimant appear to be incapable of presenting an effective case. (Tr. at 120.)  Accordingly, there is no exceptional reason to relieve Plaintiff of his burden to prove disability and to furnish evidence to support that conclusion. 20 C.F.R. § 404.1512(a); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Plaintiff also argues that the ALJ failed to consider his combination of impairments by failing to consider depression.  However,

> the ALJ need consider other impairments that do not fall into one of the Listed Impairment categories only if the medical evidence indicates that the impairment exists.  In other words, if the ALJ finds that there is insufficient medical evidence

10

> of a specific impairment, he need not consider it in his analysis. Because the evidence of [Plaintiff's] depression is largely subjective rather than diagnostic, [] the ALJ was not obligated to consider [Plaintiff's] impairments in combination.

*Mulvena v. Comm'r of Soc. Sec.*, 166 F.3d 1214 (6th Cir. 1998)(unpublished), slip op. at *2, citing *Dorton v. Heckler*, 789 F.2d 363, 366 (6th Cir. 1986). Similarly, in the instant case, the only evidence of Plaintiff's depression came from his own testimony and was not objectively supported with medical evidence, as the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). Therefore, the ALJ did not err in failing to give weight to Plaintiff's testimony regarding depression.

The ALJ did not find the Plaintiff's allegations of disabling pain fully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses

11

to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999).

Although Plaintiff claimed he was unable to work since February 10, 1987, he earned $20,256.22 in 1992 and $26,371.92 in 1994. (Tr. at 39, 36.) Although Plaintiff indicated he was "taking the highest dose of diabetic medication," (Tr. at 131), he was using oral medication until several months prior to the hearing at which point he had just begun taking insulin by injection. (Tr. at 95, 135.) On this record, I therefore suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

After review of the record, I conclude that the decision of ALJ Bert C. Hoffman, Jr., which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decision makers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

        s/ *Charles E. Binder*
        CHARLES E. BINDER
Dated: October 20, 2006        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson and Daniel Pulter, and served on District Judge Lawson in the traditional manner.

Date:  October 20, 2006        By    s/Jean L. Broucek
        Case Manager to Magistrate Judge Binder