UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED RAHMAN,

        Plaintiff,                      Case Number 06-10386
                                                           Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

The plaintiff filed the present action on January 30, 2006 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on October 20, 2006 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, to which the Commissioner responded. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record

in light of the parties' submissions. In his objections, the plaintiff challenges the magistrate judge's conclusion that substantial evidence supports the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled because, he insists, the ALJ should have ordered a consultative examination to determine whether the plaintiff suffered from a mental impairment. He believes that the ALJ disregarded his duties to investigate the pertinent facts and develop the arguments both for and against granting benefits.

The plaintiff applied for supplemental security income on June 19, 2003. As the magistrate judge observed, there is some confusion about the plaintiff's age: in his application for supplemental security income he listed his birth date as June 24, 1950; but he testified that birth records were not maintained in his native country and that his neighbors informed him he was born in 1943. Tr. at 32, 122-24. Therefore, the plaintiff is now either fifty-six or sixty-three years old. He completed the twelfth grade in school and attended college for two years in Bangladesh. He came to the United States in 1985. He has worked as an in-home care provider and as a counter helper at a restaurant. The plaintiff says he became unable to work in 1987, although the ALJ found that his earnings in 1992 and 1994 suggested otherwise. The plaintiff testified that he stopped working sometime in 2000, the date he alleges he became disabled as a result of diabetes mellitus, pain from the waist down, and depression. Doctors have diagnosed diabetes mellitus that was well controlled by diet and oral medication.

The plaintiff's application for supplemental security income was denied initially, and he made a timely request for an administrative hearing. On September 7, 2005, he appeared via video-conference before ALJ Bert C. Hoffman, Jr. for his hearing. ALJ Hoffman filed a decision on September 22, 2005 in which he found the plaintiff was not disabled. The ALJ reached that

conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since 1994 (step one) and that, although the plaintiff suffers from diabetes mellitus, this impairments is not "severe" within the meaning of the Social Security Act (step two). Because the ALJ found the plaintiff not disabled at step two, he did not analyze the plaintiff's eligibility under the remaining three steps. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on December 1, 2005.

The plaintiff does not challenge the ALJ's conclusion that the plaintiff's diabetic condition does not constitute a "severe" impairment. Rather, after the administrative hearing and decision, the plaintiff obtained on his own a consultative examination from a psychologist to explore the possibility that he suffered from depression. There was no medical evidence in the record supporting such a claim up to that date; in fact, a psychiatric review technique form dated August 13, 2003 reports that the plaintiff had "no medically determinable impairment." Tr. 78-92. The plaintiff did report that he became depressed and he testified at the administrative hearing that "the diabetic condition depresses me every now and then." Tr. 137. However, there are no treatment records suggesting that he ever sought attention from a medical or mental health professional for this problem. The post-hearing examination reported that the plaintiff suffered from an undifferentiated somatoform disorder and a personality disorder. That information was submitted to the Appeals Council, but it is not part of the record under consideration here. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996) (endorsing the rule that "where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding

whether to uphold, modify, or reverse the ALJ's decision") (citing *Cotton v. Sullivan,* 2 F.3d 692, 695-96 (6th Cir. 1993)).

According to his objections to the magistrate judge's report and recommendation, the plaintiff does not now contend that the late consultative report supports a remand for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). However, the plaintiff makes the rather difficult argument that the ALJ's decision is not supported by substantial evidence because he failed to develop the record by failing to obtain a psychological examination on his own. The Court believes that the magistrate judge properly disposed of that argument by his citation to *Landsaw v. Sec. of Health & Human Serv.*, 803 F.2d 211 (6th Cir. 1986). There, the court explained:

> The burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant. 20 C.F.R. §§ 416.912, 416.913(d). Moreover, as the government argues, the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination. 20 C.F.R. § 416.917(a).
>
> As to the ALJ's duty to conduct a "full inquiry," 20 C.F.R. § 416.1444, we adopt the following statement by the Fifth Circuit which applies equally to the present case and disposes of plaintiff's argument:
>
>> "[F]ull inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision. In appellant's case, the evidence in the record upon which the administrative law judge based his denial of benefits fully developed the facts necessary to make that determination. The [evidence] supports the conclusion that appellant is not disabled . . . ."
>
> *Turner v. Califano,* 563 F.2d 669, 671 (5th Cir.1977) (emphasis in original).

*Id.* at 214.

-4-

The Court finds that under the circumstances of this case, the ALJ had no duty to independently develop the record further concerning any mental impairment, since the record at the time of the administrative hearing did not suggest any evidence of such an impairment that warranted further investigation. Moreover, it is a fundamental principle that the plaintiff bears the burden of proving entitlement to benefits under Title XVI of the Social Security Act, which means that the plaintiff must establish that he suffers from a disability, as that term is defined in the Act. *See Boyse v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *see also Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). The ALJ's conclusion that the plaintiff failed in his proof is supported by substantial evidence.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 4, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2006.

s/Felicia M. Moses
FELICIA M. MOSES